[Cite as *State v. Capps*, 2018-Ohio-1132.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CODY D. CAPPS | : | Case No. 2017CA0010 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from Coshocton County
                                                            Municipal Court,
                                                            Case No. TRC 1700462 A & B

JUDGMENT:                                          Affirmed

DATE OF JUDGMENT:                          March 26, 2018

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

RICHARD J. SKELTON                         ROBERT E. WEIR
Assistant Law Director                          239 N. 4th Street
760 Chestnut Street                              Coshocton, OH  43812
Coshocton, OH  43812

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Cody D. Capps appeals the judgement of conviction entered by the Coshocton Municipal Court, Coshocton County Ohio, finding appellant guilty of operating a vehicle under the influence and a violation of lanes of travel. Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On February 23, 2017, at approximately 2:00 a.m., the Coshocton County Sheriff's Department received a report of a reckless driver in a blue Honda on Route 16. Deputy Brandon Elson was dispatched to the area and located the vehicle. He followed the driver for two miles and observed several lane violations. The last observed violation involved both passenger side tires crossing completely over the fog line. Elson thus initiated a traffic stop.

{¶ 3}   Upon approaching the vehicle, Elson made contact with appellant and noticed he was fidgety, nervous and confused. Elson further noted appellant was trying to hide something in the center console. Appellant stated he was going home from work and had not been drinking.

{¶ 4}   Based on these observations Elson administered field sobriety tests. On the horizontal gaze nystagmus, appellant exhibited six of six clues. On the vertical nystagmus appellant exhibited no clues. Elson also had appellant preform a one-legged stand and walk and turn. Appellant exhibited three or four clues on the former and five for the latter. Elson placed appellant under arrest for driving under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a). Appellant was further cited for failure to drive in marked lanes in violation of R.C. 4511.33(A)(1).

{¶ 5}   Elson obtained appellant's permission to search the car. He found a rolled up dollar bill with white powder on it, a prescription bottle containing a few tablets of Suboxone, which is a brand name for Buprenorphine, an opioid medication. Two half tablets of Suboxone were found on the floorboard along with numerous empty blister packs of Coricidin, an over-the-counter cold remedy.

{¶ 6}   Appellant told Elson he was prescribed Suboxone for opioid addiction and was to take one and a half pills daily. Appellant's prescription for 45 tablets had been filled the week before, yet he only had two tablets remaining. Appellant further told Elson he would crush the tablets and put them under his tongue or snort them.

{¶ 7}   Appellant later submitted to a urine screen which was positive for Buprenorphine.

{¶ 8}   On June 28, 2017, appellant elected to proceed to a trial to the court. After hearing the evidence, the trial court found appellant guilty of OVI and failure to travel in marked lanes. Appellant's sentence included a period of probation, a fine and a one year operator's license suspension. His sentence was stayed pending this appeal.

{¶ 9}   The matter is now before this court for consideration. Appellant raises three assignments of error:

I

{¶ 10} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S CRIM. R. 29 MOTION FOR JUDGMENT OF ACQUITTAL FOLLOWING APPELLEE'S CASE-IN-CHIEF."

II

{¶ 11} "THE DECISION OF THE TRIAL COURT, FINDING APPELLANT GUILTY, WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE."

III

{¶ 12} "THE DECISION OF THE TRIAL COURT, FINDING APPELLANT GUILTY, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II, III

{¶ 13} We address appellant's assignments of error together.

{¶ 14} Appellant argues the trial court erred when it denied his Crim.R. 29 motion for acquittal at the close of the state's evidence. He further argues his conviction for OVI is against the manifest weight and sufficiency of the evidence. We disagree.

{¶ 15} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:

> The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶ 16} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman,* 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus: "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

{¶ 17} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 18} Appellant was charged with a violation of R.C. 4511.19(A)(1)(a) which provides no one shall operate a vehicle under the influence of alcohol, a drug of abuse or

a combination of the two. He was further charged with a violation of R.C. 4511.33(A)(1) which provides when a roadway has been divided into two or more marked lanes for traffic, a vehicle shall be driven entirely within a single lane and shall not be moved from such lane until the drive has determined movement can be made safely.

{¶ 19} Appellant makes two conclusory statements that his convictions were against the manifest weight and sufficiency of the evidence. These statements are not followed by any argument, nor any authority or citations to the record supporting the argument.

{¶ 20}   App.R. 16(A)(7) requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. "It is the duty of the appellant, not this court, to demonstrate [ ] assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Wholley,* 5th Dist. Ashland App. No. 16-COA-003, 2017-Ohio-576 ¶ 20 citing *State v. Harrington*, 5th Dist. Licking App. No. 15-CA-10, 2015-Ohio-4440. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Id.*, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996).

{¶ 21} Appellant's arguments do not cite to the record and does not describe why his convictions are against the manifest weight and sufficiency of the evidence. We therefore overrule the three assignments of error.

By Wise, Earle, J.

Gwin, P.J. and

Hoffman, J. concur.

EEW/rw 314